IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

UNITED STATES OF AMERICA,

                Plaintiff,

v.

JEFFREY FROST,

                Defendant.

OPINION AND ORDER

11-cr-37-wmc

---

On May 18, 2012, the court sentenced defendant Jeffrey Frost to 54 months of incarceration. On June 18, 2012, Frost reported to serve his sentence and was incarcerated at the Federal Correctional Institution in Pekin, Illinois, where he is currently in segregation, apparently because he was erroneously assigned to a facility also housing a co-defendant. According to Frost, the Bureau of Prisons is in the process of transferring him to a new minimum-security institution, but the process might take several weeks. Frost has filed a "motion for interruption of his sentence" until he can be transferred, arguing that it is unfair to be placed in extremely restrictive, 23-hour-a-day segregation. Despite the apparent unfairness of Frost's current situation, this court lacks the authority to interrupt Frost's sentence at least at present.

Relying on a series of Eastern District of Wisconsin cases, Frost argues that the court's authority to interrupt his sentence lies in the All Writs Act, 28 U.S.C. § 1651, which provides that "all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." *United States v. Batemon*, No. 01-CR-125 (E.D. Wis. Jan. 23, 2006) (allowing defendant to attend mother's funeral); *United States v. Stotts*, No. 99-CR-180, (E.D. Wis. Aug. 16, 2005) (allowing defendant

to attend funeral of grandmother and assist mother after surgery); *United States v. Pappas*, No. 03-CR-293 (E.D. Wis. May 25, 2005) (allowing defendant to travel to hospital to visit father).

Unfortunately for Frost, other cases -- including a more recent decision from the Eastern District of Wisconsin -- have recognized that the All Writs Act does not grant district courts continuing jurisdiction over a defendant serving a federal sentence based solely on the fact that it imposed the original sentence, much less grant the authority to micro-manage the Bureau of Prisons' processing and placement of that defendant from afar. *United States v. Greer*, No. 03-CR-194 (E.D. Wis. Aug. 19, 2010), 2010 WL 3279335 at *1 (previous Eastern District decisions did not consider "whether the All Writs Act provides an independent grant of jurisdiction to afford such relief, as opposed to assisting the court in enforcing its preexisting jurisdiction"); *see also United States v. Reed*, No. 01-CR-20062 (C.D. Ill. Oct. 28, 2008), 2008 WL 4822045. On the contrary, district courts lose jurisdiction to modify a sentence once imposed by statute. 18 U.S.C. § 3582(c) ("The court may not modify a term of imprisonment once it has been imposed except [for reasons not applicable to the present case]"; *see also United States v. Smith*, 438 F.3d 796 (7th Cir. 2006).

Alternatively, Frost argues that the court may order his release under Fed. R. Crim. P. 36, which allows the court to correct clerical errors in a judgment or other part of the record. Frost, however, can point to no clerical error in the court's judgment or the record itself. Rather, he seeks to challenge mistakes made by the Bureau of Prisons.

Finally, Frost argues that because he is appealing the underlying judgment of conviction, this court may order his release under Fed. R. Crim. Proc. 46(b) and 18 U.S.C. § 3143, which allows for release of a person who has been found guilty of an offense pending appeal. A person

2

may be released pending appeal if the court finds: (1) that the person is not likely to flee or pose a danger to the community if released; (2) that the appeal was not filed for the purposes of delay; and (3) that the appeal raises a "substantial question" of law or fact likely to result in reversal, an order for a new trial, a sentence that does not include a term of imprisonment, or a reduced sentence to a term of imprisonment less than the expected duration of the appeal process. 18 U.S.C. §§ 3143(b)(1)(A), (B). A "substantial question" is one that is a "close" question or one that "very well could be decided the other way." *See United States v. Eaken*, 995 F.2d 740, 741 (7th Cir. 1993). The defendant bears the burden of showing by clear and convincing evidence that he is entitled to release pending appeal under the above criteria. *United States v. Jarrett*, No. 03–CR–087 (N.D. Ind. Jan. 25, 2012), 2012 WL 243345 (citing *United States v. Afleck*, 765 F.2d 944, 953 (10th Cir. 1985).

Although the court is prepared to find that Frost is not likely to flee or pose a danger to the community, he fails to provide any argument supporting release under the second and third prongs of the analysis – whether his appeal is filed for the purpose of delay and whether there is a substantial question of law or fact involving his appeal. In addition, the parties need to explain in more detail how long defendant will likely remain in segregation and what plans are being made to transfer him or otherwise change his placement status.

Rather than deny defendant's motion out of hand, however, the parties will be given an opportunity to brief these issues.

ORDER

IT IS ORDERED that defendant Jeffrey Frost may have until July 26, 2012, to supplement its basis for asserting that he should be granted release pending appeal pursuant to

3

the second and third prongs of 18 U.S.C. § 3143(b)(1). The United States may have until August 2, 2012, to file a response to defendant's submission.

Entered this 19th day of July, 2012.

                                    BY THE COURT:

                                    /s/

                                    WILLIAM M. CONLEY
                                    District Judge